UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



CARLOS SANCHEZ, 05-A-6204,

        Plaintiff,

-v-

DOCS MEDICAL DEPARTMENT,
MRS. MORRY, Nurse, Elmira Correctional Facility,
DR. BRASELMAN, Elmiira Correctional Facility,

        Defendants.

DECISION AND ORDER
12-CV-141Sr

## INTRODUCTION

Plaintiff Carlos Sanchez, an inmate of the Wende Correctional Facility ("Wende") who was incarcerated at the Elmira Correctional Facility ("Elmira") at the time of the events alleged in the complaint, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 4, 5). Plaintiff claims that defendants Dr. Braselman and Mrs. Morry, Nurse, medical personnel at Elmira, violated his rights when they discontinued his pain medication or threatened to do so in retaliation for his having filed complaints or grievances against medical staff. Following the submission of his complaint, plaintiff filed numerous letter motions,[1] which include, *e.g.*, requests

---

[1]Given plaintiff's penchant for labeling most of his letters as "motions," and the length and repetitive nature of the letters, it is difficult to distinguish between those letters which *are*, in effect, motions, and letters which are submitted *in support of* a motion. Many of the letters, including those labeled motions, set forth at considerable length various "gripes" about plaintiff's treatment at Elmira and Wende, are familiar or chatty in tone and appear to regard the Court as a sort of ombudsman, empowered to generally intercede in prison administration in response to correspondence from plaintiff. While the Court must be indulgent with the submissions of *pro se* litigants, plaintiff is advised that the Court cannot grant relief or take action on plaintiff's behalf on the basis of letters; requests for relief should be in the form of motions or other appropriate pleadings which conform to the Federal Rules of Civil Procedure. In this regard, plaintiff is advised to consult the *Pro Se* Litigation Guidelines for the Western District of New York, a copy of which will be sent

for preliminary injunctive relief with respect to his medical care at Elmira (Docket Nos. 7, 8, 9, 12, 13, 23, 25). The Court has previously denied as moot two of these requests for injunctive relief (Docket Nos. 12, 13) because of his transfer from Elmira to Wende (*see* Docket No. 22 [Text Order dated Feb. 22, 2013]), and the remaining motions are addressed herein. Plaintiff has also filed a motion requesting, *inter alia*, that another member of the medical staff at Elmira, RN Mrs. Putney, be added as a defendant with respect to his medical treatment claims at Elmira. (Docket No. 20).

Following his transfer from Elmira to Wende, plaintiff filed motions seeking to add claims against medical personnel at Elmira , and to add such personnel as defendants in this action (Docket Nos. 15, 18), and requesting preliminary injunctive relief with respect to his medical treatment at Wende. (Docket Nos.14, 17, 18, 21). Plaintiff also seeks the appointment of counsel. (Docket No. 16).

Plaintiff's request to proceed as a poor person is granted, his claims against the three defendants named in the complaint will be allowed to proceed. For the reasons discussed below, plaintiff's motions to amend the complaint to add additional defendants and claims will be denied, but plaintiff will be granted to leave to file an amended complaint which includes such claims and defendants, and plaintiff's motions for preliminary injunctive relief will be denied.

## STANDARD OF REVIEW

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the

---

to plaintiff as directed below; *see especially* pp. 11-14 of the Guidelines, pertaining to the preparation of motions.

factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

## DISCUSSION

A. <u>Claims and Motions Related to Elmira Incarceration</u>

    i) <u>Claims in the Complaint</u>

The claims asserted in the complaint relate to plaintiff's pain medication, and the alleged failure of the defendants to adequately treat him for pain during his incarceration at Elmira. While the source of his need for such medication is not explained in the complaint, several of plaintiff's motions and letters indicates that he suffers from wrist, elbow and back pain for which he was prescribed Neurontin or other strong opiate-type pain medications. (*See, e.g.*, Docket Nos. 13, 15, 21). While plaintiff's statement of his claims[2] is hardly a model of clarity, plaintiff, in essence, alleges that defendant Dr. Braselman discontinued or threatened to discontinue plaintiff's pain medication, and that he did so in response to the complaints or grievances plaintiff had submitted regarding defendant Nurse Morry and her alleged harassment of him. Plaintiff further alleges that he wrote "many letters" to the DOCS Medical Department regarding Braselman and Morry's actions, but never received any response. While plaintiff states as the basis for his claims "malpractice, negligence and harassment," liberal construction of the complaint would indicate that he is asserting an Eighth Amendment deliberate indifference claim with respect to the allegation that the defendants withheld his pain medication,[3] and a First Amendment retaliation claim with respect to the allegation

---

[2] While the complaint purports to set forth two claims, the claims are essentially identical with respect to plaintiff's allegations concerning the withholding or threatened withholding of his pain medication by defendants Dr. Braselman and Nurse Morry, and his complaint to the DOCs Medical Department regarding their actions.

[3] To succeed on an Eighth Amendment deliberate indifference claim, a plaintiff must show both that the danger posed by the indifference he alleges is "sufficiently serious" and that the defendant has acted with "deliberate indifference to inmate health or safety" in failing to address this danger. *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002), quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The deliberate withholding of pain medication can rise to the level of a deliberate indifference claim. *See, e.g., Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002).

that the medication was withheld (or threatened to be withheld) in retaliation for plaintiff's complaints and grievances against defendant Nurse Morry.[4] The Court's review of the complaint leads to the conclusion that plaintiff's allegations are sufficient to allow his deliberate indifference and retaliation claims against defendants Dr. Braselman and Nurse Morry to proceed at this juncture.[5]

The third defendant named in plaintiff's action is DOCS [Department of Correctional Services; now renamed the Department of Corrections and Community Supervision] Medical Department. As DOCS is a subdivision of New York State, cases routinely hold that it may not be sued for monetary damages. *See, e.g., Bryant v. New York State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 425-26 (S.D.N.Y. 2001); *Gonzalez v. New York State Dep't of Corr. Servs. Fishkill Corr. Facility*, 122 F. Supp. 2d 335, 340 (N.D.N.Y. 2000). Because "DOCS Medical Department" would be a division of DOCS's divisions, it likewise is immune from suit. *See generally Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995) (immunity rule applies to "governmental entities that are considered arms of the state

---

[4]The Second Circuit has held that retaliation against a prisoner for filing a grievance is a violation of that prisoner's First Amendment right to petition the government for redress. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (citing *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988)). To establish a claim of retaliation, the plaintiff must establish "(1) that the disciplined conduct was constitutionally protected, and (2) that his punishment was motivated, in whole or in part, by his conduct — in other words, that the prison officials' actions were substantially improper retaliation." *Id.* Additionally, there must be a causal connection between the protected activity and the adverse action. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

[5]*See, e.g., McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("Sua sponte dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

for Eleventh Amendment purposes") (internal quotation marks and citations omitted). Plaintiff's claims against DOCS Medical must therefore be dismissed to the extent that plaintiff seeks to recover monetary damages. DOCS can, however, be sued for prospective injunctive relief, *see generally, Green v. Mansour*, 474 U.S. 64, 68, 88 L. Ed. 2d 371, 106 S. Ct. 423 (1985) ((citing Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)); *see also, Abdul-Matiyn v. New York State Dep't of Correctional Servs.*, 871 F. Supp. 1542, 1551 (N.D.N.Y. 1994) (claims for *prospective* injunctive relief against DOCS are not barred by state sovereign immunity), and inasmuch as plaintiff seeks, in part, prospective injunctive relief, DOCS will not be dismissed as a defendant at this time, and plaintiff's claims for injunctive relief against DOCS may proceed..

ii) Motions

Just prior to his transfer from Elmira to Wende, plaintiff submitted a letter motion to add as a defendant "Mrs. Putney, RN II (Nurse),", a nurse at Elmira, based upon his allegations that she threatened to discontinue his medications and lock him up in retaliation for his lawsuit. (Docket No. 20)[6].

Plaintiff is entitled to amend his complaint to include additional claims/defendants without leave from the Court, as he has not previously amended his complaint, nor has it been served on the defendants. *See* Fed. R. Civ. P. 15(a)(1) (permitting a single amendment of a complaint as a matter of course within twenty-one days after service of an answer or motion to dismiss). However, plaintiff's motion to amend to add a claim against additional Elmira defendant RN Putney must be

---

[6] As is true of many of plaintiff's letter motions, and letters submitted in support of the motions, his letter motion requesting that Nurse Mrs. Putney be added as a defendant (Docket No. 20) can also be regarded as intended to support or supplement his requests for preliminary injunctive relief. Given the abundance of motions and letters in support of his requests for injunctive relief, as discussed *infra*, and to avoid having to treat the letter as *both* a statement in support of motion for preliminary injunctive relief *and* a motion to amend his complaint, the Court has treated Docket No. 20 as a motion to add a defendant and amend the complaint.

denied due to his failure to comply with Rule 15 of the Local Rules of Civil Procedure, which requires that a movant seeking to amend a pleading to attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The Court will therefore deny plaintiff's motion to amend to add Nurse Putney as a defendant, but the Court will grant him leave to file an amended complaint, as directed below, in which he may add her as a defendant and incorporate his claim against her.

Several of plaintiff's post-complaint motions pertaining to the claims arising from his incarceration at Elmira (Docket Nos. 7, 8, 9, 12, 23[7]) and letter submissions in support thereof (Docket Nos. 24, 26, 27) request that the Court order that defendant Nurse Morry stop bringing plaintiff his medication and harassing him, stay 100 feet away from him and otherwise refrain from any contact with him. Plaintiff's request is premised upon his belief that defendant Morry's awareness of plaintiff's action, and that she is named as a defendant therein, has caused or will cause her to retaliate against plaintiff; plaintiff also alleges that the defendant has threatened him (*e.g.*, by withholding his medication and entering false statements in his medical records) and that he has made the same complaints about her conduct to the facility Nurse Administrator and to DOCS, to no avail.

By Order dated February 20, 2013 (Docket No. 22) the Court denied one of plaintiff's motions for injunctive relief with respect to defendant Nurse Morry (Docket No. 12) on the grounds that his transfer from Elmira, the facility at which defendant Morry is located, to Wende, subsequent

---

[7]While several letters submitted by plaintiff before his case was transferred to the Western District were docketed in the Northern District as letters in support of a motion for a preliminary injunction (Docket Nos. 8 and 9, docketed as letters in support of letter motion requesting preliminary injunction (Docket No. 7)), the letters are captioned as motions, and have been treated as such herein.

7

to the filing of the motion, rendered the relief sought against the defendant moot.[8] The Court finds that plaintiff's other motions requesting injunctive relief with respect to defendant Morry and his medical treatment at Elmira (Docket Nos. 7, 8, 9, 12, 23, 25) must be similarly denied as moot.

B. Motions Related to Wende Incarceration

i) Motions to Add Claims Against New Defendants

Subsequent to his transfer to Wende, plaintiff filed letter motions requesting that "Nurse Practician (sic) Mrs. J. Wrest, N.P." be added as a defendant, alleging that she acted with deliberate indifference to his medical needs by refusing to administer appropriate pain-relief medication, a refusal which plaintiff attributes to retaliation for having filed the instant lawsuit (Docket No. 15), and that Dr. J. Levitt, MD be added as a defendant because she denied him appropriate medical attention (*i.e.*, pain medication). (Docket No. 18).

As explained *supra* in connection with the discussion of plaintiff's motion to add claims against additional Elmira defendant Putney, plaintiff is entitled to amend his complaint to add new claims/defendants without leave from the Court, as he has not previously amended his complaint, nor has it been served on the defendants. However, plaintiff's motion to amend to add claims against the additional Wende defendants, as with his motion to add Elmira defendant, Putney must be denied due to his failure to comply with Local Rule 15 (the requirements of which are discussed *supra*), by attaching to the motion a copy of the amended complaint. The Court will therefore deny plaintiff's motions to amend to add claims against Mrs. Wrest, RN and Dr. Levitt as defendants, but

---

[8] Records maintained by DOCCS indicate that plaintiff remains incarcerated at Wende. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (DOCCS Inmate Information) (last visited August 16, 2013).

8

he may add them as defendants and include his claims against them in the amended complaint which plaintiff will be afforded leave to file, as directed below.

ii) Motions for Preliminary Injunction

Subsequent to his transfer to Wende, plaintiff also filed several motions which, construed liberally, request preliminary injunctive relief with respect to the alleged failure or refusal of prospective defendants Nurse Wrest, Dr. Levitt and other medical personnel at Wende to provide him with appropriate prescription pain medication (Neurontin, Tramadol); plaintiff alleges that the defendants gave him only over-the-counter medications such as Tylenol or Motrin. (Docket Nos. 14, 17, 21; *see also* Docket Nos. 15, 18 [seeking to add Nurse Wrest and Dr. Levitt as defendants]).

Plaintiff's requests for preliminary injunctive relief with respect to his medical treatment at Wende must be denied for several reasons.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the lawsuit); *see also McAllister v. Goord*, 2004 U.S. Dist. LEXIS 428, at *3 (D. Conn. 2004) ("The issue in this case concerns the disclosure of plaintiff's medical information in 2002. His request for preliminary injunctive relief concerns a possible transfer among correctional facilities. Thus, the request for preliminary injunctive relief is beyond the scope of this action."). "In other words, the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint." *McAllister v. Goord*, 2009 U.S. Dist. LEXIS 121258, at *5 (N.D.N.Y.

Dec. 30, 2009) (citation omitted). In the instant matter, however, as previously discussed, the allegations of the complaint relate exclusively to plaintiff's medical treatment at Elmira, whereas the instant motions for preliminary injunctive relief pertain to his alleged treatment by medical personnel at Wende. Inasmuch as the relief sought in the motions does not relate to the allegations contained in the complaint, plaintiff's motions seeking preliminary injunctive relief with respect to his treatment at Wende can be denied on this basis alone.[9]

Even if the Court were to find that the present motions (Docket Nos. 14, 17, 21) are sufficiently related to the claims set forth in the complaint, the Court would still deny plaintiff's motions because his papers do not satisfy the standards for the issuance of preliminary injunctive relief. A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). To warrant the issuance of a preliminary injunction, the moving party generally must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the ... merits.'" *Candelaria v. Baker*, 2006 U.S. Dist. LEXIS 13238, at *9 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose*, 42 F.3d at 471). When, however, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the standard

---

[9] As discussed *supra*, plaintiff will be given leave to file an amended complaint in which he may include claims pertaining to the alleged deficiencies of his medical treatment/pain relief at Wende, and may name additional defendants, *i.e.*, medical personnel at Wende, who are alleged to have denied him appropriate pain medication. Plaintiff may, at the time he files the amended complaint, file a request for preliminary injunctive relief pertaining to his claims against Wende defendants, provided that he does so in accordance with the requirements of Local Rule 65.

10

is higher. *Id.* "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotations omitted), a standard especially appropriate when a preliminary injunction is sought against government. *Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir. 2006)." *D.D. ex rel. V.D.*, 465 F.3d at 510.

Here, the relief plaintiff is requesting in his motions for injunctive relief–that the Court direct medical personnel at Wende to provide him with stronger pain medications and otherwise alter their treatment of his condition–would serve to alter the status quo, thereby making it incumbent on plaintiff to make a substantial showing of likelihood of success on the merits. Plaintiff's motion papers fail to meet this standard.

The legal standard applicable to Eighth Amendment medical claims is well settled in this Circuit:

> To substantiate an Eighth Amendment claim for medical indifference, plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. A deliberate indifference claim requires a showing of both objective and subjective elements. Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration or extreme pain exists. Where the allegation is that the defendant failed to provide any treatment for the medical condition, courts examine whether the inmate's medical condition is sufficiently serious. Where the challenge is to the adequacy of the treatment provided, such as in cases where treatment is alleged to have been delayed or interrupted, the seriousness inquiry focuses on the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract. Moreover, a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment.

> Subjectively, the official charged ... must act with a sufficiently culpable state of mind. A person acts with deliberate indifference to an inmate's health or safety only if he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Hanrahan v. Mennon*, 470 Fed. Appx. 32, 33, (2d Cir. May 18, 2012) (internal quotations and citations omitted).

However, courts have repeatedly held that mere disagreements over treatment do not rise to the level of a Constitutional violation. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). For example, this Court has previously held that an inmate's Eighth Amendment claim, based on his layman's belief that the prison doctor should have been giving him prescription pain medication instead of over-the-counter pain medication, amounted to a mere disagreement over treatment. *See, Morene v. Alves*, 2006 U.S. Dist. LEXIS 52087, at *18 (W.D.N.Y. Jul. 14, 2006); *see also, Martin v. Niagara County Jail*, 2012 U.S. Dist. LEXIS 109853, at *27-28 (W.D.N.Y. Aug. 6, 2012) ("Plaintiff's demand for narcotic pain medications and defendants' unwillingness to prescribe them does not create an Eighth Amendment claim."); *Guarneri v. Wood*, 2011 U.S. Dist. LEXIS 117129, at *39 (N.D.N.Y. Sep. 2, 2011) ("Guarneri's claims that he should have received a different type or doseage of pain medication to alleviate the resulting symptoms from his knee injury are also insufficient to raise a question of fact. The record shows that defendants did attempt to treat Guarneri's subjective complaints of pain with a variety of medication. Defendants regularly offered Guarneri non-narcotic pain medication and he refused it because he felt that he should be prescribed different medication. Guarneri's complaints about the

type of medication given to him for pain again amounts to a disagreement over treatment, which is insufficient to allege a constitutional violation.").

Plaintiff's requests for preliminary injunctive relief are similar in nature to those cited above; plaintiff concedes that medical staff at Wende prescribed pain medications (Tylenol, Motrin) but plaintiff argues that his pain warrants a higher form of such medication. Plaintiff's claim thus appears to be more of a disagreement over treatment rather than failure to treat, which does not rise to the level of a constitutional violation and does not constitute a basis to award preliminary injunctive relief. *See Parra v. Wright*, 2013 U.S. LEXIS 15587, at *13-14 (W.D.N.Y. Feb. 5, 2013 (denying inmate's application for preliminary injunctive relief that facility medical staff be ordered to provide him with, *inter alia*, Ultram and Neurontin pain medications).[10]

iii) Motion for Appointed Counsel

Plaintiff has also applied for the appointment of counsel. (Docket No. 16). A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be more persuasively demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

---

[10]Plaintiff should be well-familiar with the Eighth Amendment standards applicable to claims premised upon the alleged failure of prison officials to prescribe higher level pain medications since he brought a previous action in this district, the gravamen of which was the failure of medical personnel at the Attica and Great Meadow correctional facilities to provide him with sufficient pain medication for his chronic wrist and elbow pain. *Sanchez v. Wright*, 09-CV-469S(Sr). Plaintiff's claims were dismissed on summary judgment. *Sanchez v. Wright*, 2012 U.S. Dist. LEXIS 20474 (W.D.N.Y. Feb. 17, 2012).

13

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's motions to add additional defendants and claims concerning his treatment at Elmira and Wende (Docket Nos. 15, 18, 20) are denied. However, plaintiff will be afforded leave to file, within **30 days** from the date of this Order, an amended complaint in which he may include additional defendants and plead such additional claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that the amended complaint must be a complete pleading superceding the original complaint in all respects, and he may not incorporate his original complaint or any portion thereof into the amended complaint by reference. The amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, within **30 days** from the date of this Order, the Court will direct service of his original complaint only upon the three defendants named therein.

Plaintiff's motions for preliminary injunctive relief with respect to his treatment at Elmira (Docket Nos. 7, 8, 9, 12, 23, 25) are denied as moot.

Plaintiff's motions for preliminary injunctive relief with respect to his medical treatment at Wende (Docket Nos. 14, 17, 21) are denied.

Plaintiff's request for the appointment of counsel (Docket No. 16) is denied without prejudice.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's motions to amend his complaint (Docket Nos.15, 18, 20) are denied;

FURTHER, that plaintiff's motions for preliminary injunctive relief with respect to his treatment at Elmira (Docket Nos. 7, 8, 9, 12, 23, 25) are denied;

FURTHER, that plaintiff's motions for preliminary injunctive relief with respect to his medical treatment at Wende (Docket Nos. 14, 17, 21) are denied;

FURTHER, that plaintiff's request for the appointment of counsel (Docket No. 16) is denied without prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above[11] within **30 days** from the date of this Order.;

---

[11]Plaintiff is reminded that he must also <u>include</u> in this amended complaint his claims against the defendants named in the original complaint. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in the amended complaintt means that they will not be preserved for service on the defendants.

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order copies of the original complaint (Docket No. 1), his motions to amend the complaint (Docket Nos. 15, 18, 20), a blank § 1983 complaint form, the instructions for preparing an amended complaint and the Pro Se Litigation Guidelines;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above within **30 days** from the date of this Order the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the defendants named in the Complaint, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[12]

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above within **30 days** from the date of this Order, and the Clerk of the Court then causes the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the defendants named in the Complaint, the Clerk of the Court is further directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>; and

---

[12] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

Dated: August 19, 2013
Rochester, New York

_____
FRANK P. GERACI, JR.
United States District Judge