-PS-O-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**CARLOS SANCHEZ,**

                **Plaintiff,**

      **-v-**                                            **12-CV-0141A(Sr)**

**DOCS MEDICAL DEPARTMENT, et al.,**

                **Defendants.**

_____

**DECISION AND ORDER**

Plaintiff, a prisoner incarcerated currently at the Auburn Correctional Facility, filed this action under 42 U.S.C. § 1983 and the Court granted plaintiff permission to proceed *in forma pauperis* and directed the Clerk of the Court to serve the summons and complaint upon the defendants–DOCS Medical Department, Mrs. Morry, Nurse, Elmira Correctional Facility ("Elmira, C.F."), and Dr. Braselman, M.D., Elmira C. F.  (Docket No. 28, Decision and Order.)  Defendants DOCS Medical Department and Dr. Braselman filed an answer to the complaint (Docket No. 31),[1] but service upon Morry was returned unexecuted with a letter from the Elmira Correctional Facility indicating that there was no female nurse with the last name of "Morry" working at Elmira C.F.  (Docket No. 30.)  Based on discovery responses produced by the other defendants, however, it appears that the Nurse plaintiff intended to name was Kathleen "Murray."  (Docket No. 36-3, at pp. 1/22.)

---

[1]A motion for summary judgment was filed on behalf of these two defendants and is still pending. (Docket No. 39.) The Court has directed plaintiff to show cause why the complaint should not be dismissed for his failure to prosecute based on his failure to respond to the motion for summary judgment.  (Docket No. 47.)

Once a plaintiff is granted permission to proceed *in forma pauperis* the burden of effecting service on the defendant shifts from the incarcerated plaintiff to the Court. See *Romeandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1996) ("The interests of justice, informed by a liberal interpretation of Rule 4, are best serve by allowing [incarcerated litigants] to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service). Once an inmate-plaintiff has provided the Marshal with the information necessary to serve his complaint, "he is absolved of further responsibility for service." *Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *15 (S.D.N.Y., Feb. 7, 2005).

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon Papavich an additional 120 days, *see Rivera*, 2005 U.S. Dist. LEXIS 407710, at ** 55-56, n. 28 (numerous Circuit Courts have found that "as long as the inmate provides the information necessary to identify the defendant, the Marshal's failure to effect service ... constitutes good cause to extend the time for service under" Fed.R.Civ.P. 4(m)) (citations omitted), and the Clerk of the Court is directed to re-issue the summons and cause the United States Marshal to re-serve the summons and complaint on Kathleen Nurse, Elmira C.F.

SO ORDERED.

Dated:    Buffalo, New York
         June 8, 2015

                                           *s/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**